IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SMARTRAC IP B.V., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| SAFEGUARD BUSINESS SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

SMARTRAC IP B.V. ("Smartrac"), by its attorneys, brings this action for infringement of U.S. Patent Nos. 6,233,818 (the "'818 Patent") and 6,088,230 (the "'230 Patent") against Defendant Safeguard Business Systems, Inc. ("Safeguard"). A copy of the patents are filed herewith as Exhibits A and B, pursuant to D. Del. LR 3.2.

## PARTIES

1.      Plaintiff SMARTRAC IP B.V. is a Dutch B.V. which holds all rights, title and interest to the '818 and '230 Patents, with its headquarters located at Strawinskylaan 851, 1077XX, Amsterdam, the Netherlands.

2.      SMARTRAC IP B.V. is wholly-owned by SMARTRAC N.V. SMARTRAC N.V. is a leading supplier of components used in Radio Frequency Identification (RFID) systems. SMARTRAC N.V., in and through its subsidiaries, produces components including standard and customized inlays for contactless transmission of data.

3.      Defendant Safeguard is a Delaware corporation with its principal place of business located at 8585 Stemmons Freeway, Suite 600N, Dallas, Texas 75247.

4.      USFI is a business unit of Safeguard, created by Safeguard's acquisition of U.S. Forms, Inc. Marketing Solutions ("USFI Marketing Solutions") on July 1, 2015.

5.      Upon information and belief, the USFI business unit of Safeguard sources and resells infringing RFID cards in the United States to, among others, the hospitality industry for use as hotel room key cards.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, § 1, et seq.

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400(b).

## COUNT I
### Infringement of the '818 Patent

9.      The allegations of paragraphs 1 through 8 are incorporated by reference into this Count I as though fully set forth herein.

10.      Smartrac is the owner by assignment of all right, title, and interest in the '818 Patent entitled "Method and Device for Bonding a Wire Connector." The '818 Patent was duly and legally issued by the U.S. Patent and Trademark Office on May 22, 2001. A copy of the '818 Patent is attached hereto as Exhibit A.

11.      The '818 Patent describes processes for the contacting of a wire conductor in the course of the manufacture of a transponder unit arranged on a substrate.

12.      Upon information and belief, Safeguard's USFI business unit, and USFI Manufacturing Solutions pre-acquisition, have infringed at least claim 1 of the '818 Patent by

importing into the United States, or using, offering to sell, or selling (directly or through intermediaries), in this District and elsewhere in the United States, RFID cards for use in the hospitality industry which were made by a process which infringes the '818 Patent literally or under the doctrine of equivalents, without such products having been materially changed by subsequent processes or becoming a trivial and nonessential component of another product.

13.    Upon information and belief, a substantial portion of the RFID cards that USFI Marketing Solutions and Safeguard have sourced and resold in the United States were manufactured by use of an infringing process abroad, such that Smartrac is without an adequate remedy under Title 35 of United States Code for such manufacturers' infringement of the process claims of the '818 Patent.  Therefore, Safeguard is liable for such infringement of the '818 Patent under 35 U.S.C. §271(g).

14.    USFI Marketing Solutions was put on notice of the '818 Patent at least as early as March 16, 2015, by letter from Smartrac identifying the '818 Patent and notifying USFI Marketing Solutions of its infringement.  Safeguard was put on notice of the '818 Patent at least as early as September 28, 2015, when counsel for Smartrac sent follow-up correspondence to Smartrac's March 16, 2015 letter, to the entity which had become the USFI business unit of Safeguard.

15.    Upon information and belief, the continued infringement of the '818 Patent by USFI Marketing Solutions and Safeguard after notice have been willful.

16.    Smartrac has been irreparably harmed by, and has incurred damages as a result of, such infringement of the '818 Patent.

## COUNT II
## Infringement of the '230 Patent

17.     The allegations contained in paragraphs 1 through 16 above are incorporated by reference into this Count II as though fully set forth herein.

18.     Smartrac is the owner by assignment of all right, title, and interest in the '230 Patent entitled "Procedure for Producing a Chip Mounting Board and Chip-Mounting Board Thus Produced." The '230 Patent was duly and legally issued by the U.S. Patent and Trademark Office on July 11, 2000. A copy of the '230 Patent is attached hereto as Exhibit B.

19.     The '230 Patent describes a chip and coil mounted on a common substrate, with the wire ends of the coil connected to the contact surfaces of the chip.

20.     Upon information and belief, prior to its acquisition by Safeguard, USFI Marketing Solutions infringed, literally and/or under the doctrine of equivalents, at least claim 7 of the '230 Patent by making, using, offering to sell, selling (directly or through intermediaries), importing, licensing and/or supplying in this District and elsewhere in the United States RFID cards for use in the hospitality industry.

21.     USFI Marketing Solutions was put on notice of the '230 Patent at least as early as March 16, 2015, by letter from Smartrac to USFI Marketing Solutions identifying the '230 Patent and notifying USFI Marketing Solutions of its infringement.

22.     Upon information and belief, USFI's continued infringement of the '230 Patent after notice was willful.

23.     Smartrac incurred damages as a result of the direct infringement by USFI Marketing Solutions of the '230 Patent.

## REQUEST FOR RELIEF

WHEREFORE, Smartrac respectfully requests that the Court enter a judgment:

(a)      Declaring that USFI Marketing Solutions and Safeguard have infringed the '818 and '230 Patents (collectively, the "Smartrac Patents");

(b)      Ordering that Defendant, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Defendant, be enjoined and restrained from further infringing the '818 Patent;

(c)      Awarding Smartrac all relief available under the patent laws of the United States, including but not limited to monetary damages, including prejudgment interest, and enhanced damages based on USFI and Safeguard's willful infringement;

(d)      Awarding Smartrac its costs and reasonable attorney's fees in respect thereto in accordance with 35 U.S.C. §§ 284-85; and

(e)      Granting Smartrac such other relief as the Court deems just and equitable.

## JURY DEMAND

Smartrac hereby demands a trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
1000 N. King Street
Wilmington, Delaware  19801
(302) 571-6681
msharp@ycst.com

PROSKAUER ROSE LLP
Kimberly A. Mottley [*pro hac vice pending*]
One International Place
Boston, Massachusetts 02110
(617) 526-9600

*Attorneys for Plaintiff SMARTRAC IP B.V.*

Dated: August 30, 2016